# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVEN FUGITT, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| vs. | )   Case No: 4:12CV1089 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Steven Fugitt's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion, pursuant to the Court's Case Management Order. For the reasons set forth below, the Motion is denied.

## PROCEDURAL HISTORY

A grand jury indicted Movant, charging him in a three count indictment with one count possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(a), one count of receipt of child pornography in violation of § 2252A(a)(2), and one cunt of transportation of child pornography in violation of § 2252A(a)(1).

On March 22, 2011, Movant entered a plea of guilty to the three counts.  On June 21, 2012, Movant was sentenced to 75 months imprisonment on each count to run concurrently with each other.

Movant filed this Motion for Post-Conviction Relief pursuant to Title 28 U.S.C. Section 2255 on June 11, 2012.

## CLAIM FOR RELIEF

Movant has raised the following grounds for post-conviction relief:

**Ground One:**  The Movant received ineffective assistance of counsel based on defense counsel's failure to advise Movant that he would be exposed to the possibility of civil commitment by entering a plea of guilty to the charges instead of seeking alternative routes that would avoid those consequences.

**Ground Two**:  The United States Attorney committed prosecutorial misconduct, an act in bad faith for failing to submit a motion under Rule 48(a) to dismiss the charges based on the Petite/Rinaldi Rule, formally located in the United States Attorneys' Manual 9-2.031 Policy.

**Ground Three:** Movant received ineffective assistance of counsel when defense counsel failed to inform Movant of the civil consequences that would attach to a plea to the type of charges involved, failed to raise the Petite/Rinaldi Policy and failed to negotiate with the prosecutor by bringing up the prosecutorial misconduct that was involved causing prejudice to Movant.

2

# STANDARD FOR RELIEF UNDER 28 U.S.C. 2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

# DISCUSSION

## Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claim can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective

assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not

deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Ground One**: The Movant received ineffective assistance of counsel based on defense counsel's failure to advise Movant that he would be exposed to the

possibility of civil commitment by entering a plea of guilty to the charges instead of seeking alternative routes that would avoid those consequences.

Movant argues that counsel failed to advise him of the consequences of his plea that he might be civilly committed, be categorized as a career offender, and be faced with civil liability as a result of entering his plea.

Courts have held that the risk of civil commitment is a collateral consequence of a plea, not a direct consequence. *George v. Black,* 732 F.2d 108, 111 (8th Cir.1984). The distinction between collateral and direct consequences of a guilty plea, lies in whether the result definitely, immediately, and largely automatically affects the range of defendant's punishment. *George,* 732 F.2d at 110 (citing *Cuthrell v. Dir., Patuxent Inst.,* 475 F.2d 1364, 1366 (4th Cir.1973)). Civil commitment is a possible consequence of a guilty plea to sexual abuse, but it is not mandatory and not a certainty that Movant will be committed.

The commitment laws are civil laws, not criminal statutes, and accordingly, Movant would go through a separate civil process before any consequences would attach. As a result, the court is not required to inform the defendant of that risk. *Brady v. United States,* 397 U.S. 742, 755 (1970); *George,* 732 F.2d at 110. Under controlling precedents, the trial court need only inform a defendant of the direct consequences of a guilty plea, not collateral ones. *Brady,* 397 U.S. at 755; *George,* 732 F.2d at 110; *United States v. Lambros,* 544 F.2d 962, 966 (8th

Cir.1976). Civil commitment does not definitely, immediately, and largely automatically follow Movant's guilty plea; in fact, there is no certainty that such commitment will ever occur. *Maxwell v. Larkins*, No. 4:08 CV 1896 DDN, 2010 WL 2680333, at *5-6 (E.D. Mo. July 1, 2010); *See also, Carter v. Larkins,* No. 4:07 CV 1581 CDP, 2009 WL 3068094, at * *8–11 (E.D.Mo. Sept. 25, 2009); *Klaus v. Luebbers,* No. 4:06 CV 177 AGF, 2009 WL 367697 at * *3–5 (E.D.Mo. Feb. 11, 2009).

As the Government argues, Movant's reliance on *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010) is misplaced. In *Padilla*, the defendant was subject to automatic deportation; in this case, civil commitment is not an automatic result of a guilty plea. The two issues are by no means parallel and as different as night and day.

Additionally, Movant argues that counsel was ineffective because counsel did not advise Movant that he faced the probability of career status. Movant had no prior convictions at the time of his plea. Counsel cannot be said to be ineffective for failing to raise the speculation that if Movant committed other offenses in the future, he may be classified as a career offender.

Like civil commitment, civil liability is not an automatic consequence of a guilty plea. Notwithstanding, Movant acknowledged in the Plea Agreement that the Government may take civil action against him. He also agreed to pay restitution to all victims and to forfeit property seized by law enforcement officials

during their investigation. Movant therefore, cannot satisfy the prejudice prong of *Strickland*. Ground one is denied.

**Grounds Two and Three**: The United States Attorney committed prosecutorial misconduct, an act in bad faith for failing to submit a motion under Rule 48(a) to dismiss the charges based on the Petite/Rinaldi Rule, formally located in the United States Attorneys' Manual 9-2.031 Policy.

Movant received ineffective assistance of counsel when defense counsel failed to inform Movant of the civil consequences that would attach to a plea to the type of charges involved, failed to raise the Petite/Rinaldi Policy and failed to negotiate with the prosecutor by bringing up the prosecutorial misconduct that was involved causing prejudice to Movant.

"The *Petite* policy is a discretionary policy of the Department of Justice. It does not confer any substantive rights and its application cannot form the basis for a claim of improper prosecution. *See Kriens,* 270 F.3d at 603; *United States v. Lester,* 992 F.2d 174, 176 (8th Cir.1993)." *United States v. Leathers*, 354 F.3d 955, 962 (8th Cir. 2004).

Movant's reliance on *Rinaldi v. United States*, 434 U.S. 22 (1977) is entirely misplaced. Rinaldi involved a motion *by the* Government to dismiss based on the policy.

> [W]e consider whether the internal *Petite* policy of the Department of Justice grants substantive rights to criminal defendants. This court has previously

9

> decided that "the *Petite* policy does not confer any substantive rights on a criminal defendant." *United States v. Simpkins,* 953 F.2d 443, 445 (8th Cir.1992); *see United States v. Bartlett,* 856 F.2d 1071, 1075 (8th Cir.1988). In *Simpkins* the defendant was convicted of drug-related offenses in federal district court after he had already been tried and convicted in state court for the same offense. This Court held that the *Petite* policy "does not confer any substantive rights on a criminal defendant" and cannot form the basis of a claim that the prosecution was improper. 953 F.2d at 445.
> Appellee cites two cases to support his view that the *Petite* policy does grant substantive rights, *Rinaldi v. United States,* 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977), and *Thompson v. United States,* 444 U.S. 248, 100 S.Ct. 512, 62 L.Ed.2d 457 (1980). In both *Rinaldi* and *Thompson,* however, the indictments against defendants were dismissed because of violations of the *Petite* policy were government motions. Appellee asserts the basis of these decisions was fairness, and the *Petite* policy should be strictly and mandatorily applied. "It (the *Petite* policy) also serves the more important purpose of protecting the citizen from any unfairness that is associated with excessive prosecutions based on the same conduct." *Rinaldi,* 434 U.S. at 27, 98 S.Ct. at 84. We disagree.
>
> The cases appellee cites are distinguishable from the present case. In both *Rinaldi* and *Thompson,* the government sought to dismiss the indictment because the Justice Department did not follow its own guidelines and were appealed because the district court in each case denied the government's motion to dismiss. Neither case involved a criminal defendant seeking to enforce the *Petite* policy.

*United States v. Lester*, 992 F.2d 174, 176-77 (8th Cir. 1993). Grounds Two and Three are denied.

Movant also argues in his Traverse that counsel was ineffective for failing to advise him that he would be subject to sex offender registration. Movant cannot satisfy the prejudice prong of the *Strickland* standard because he was fully apprised of this requirement in the Plea Agreement. Tellingly, Movant admitted during sentencing that he had reviewed the Plea Agreement in its entirety with counsel

10

before signing it. Furthermore, the Court advised Movant of the requirement as well. This claim is entirely baseless and will be denied.

## CONCLUSION

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. No. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 31st day of March, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE